UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ELEXIA STANLEY,<br><br>Plaintiff,<br><br>v.<br><br>RISE CREDIT, LLC, d/b/a FINWISE BANK,<br><br>Defendant. | Case No. 4:24-cv-00598 |

## COMPLAINT

**NOW COMES** ELEXIA STANLEY ("Plaintiff"), by and through her undersigned counsel, complaining of RISE CREDIT, LLC, doing business as FINWISE BANK ("Defendant"), as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(1) because Defendant's principal place of business is in this judicial district and therefore Defendant resides in this judicial district.

## PARTIES

4. Plaintiff is a natural person, over 18-years-of-age, who resides in Las Vegas Nevada.

1

5.   Defendant is a financial services company that provides various financial services to consumers across the country, including those in the state of Nevada. Defendant is a Delaware limited liability company that maintains its principal place of business at 4150 International Plaza, Suite 300 Fort Worth, Texas 76109.

## FACTUAL ALLEGATIONS

6.   On or around April 4, 2024, an offender stole Plaintiff's purse, which contained her phone, driver's license, and credit cards. The offender utilized Plaintiff's identity to make various purchases and unauthorized transactions on her credit accounts.

7.   On April 23, 2024, the offender was arrested and convicted.

8.   On April 24, 2024, Plaintiff's bank notified her that there was suspected fraudulent activity on her bank account. Upon reviewing her account, Plaintiff discovered Defendant was attempting to make an unauthorized transfer from her personal checking account.

9.   Specifically, Defendant was attempting to make an unauthorized automated clearing house ("ACH") charge of $2,940 ("subject account" or "fraudulent account").

10.   Plaintiff also discovered Defendant was reporting the subject account on Plaintiff's consumer credit reports.

11.   Startled by the discovery of the subject account on her credit reports, Plaintiff called Defendant to correct the erroneous reporting of the fraudulent account.

12.   Plaintiff spoke with Defendant's representative and informed the representative that (1) she was a victim of identity theft, (2) she did authorize the subject account, and (3) Defendant should cease reporting the subject account to her credit reports immediately.

13.   In response, the Defendant failed to conduct a reasonable investigation and, instead continued reporting the fraudulent account as if it were authorized by Plaintiff.

14. The subject account continues reporting derogatorily on Plaintiff's credit reports and is significantly harming Plaintiff's credit scores.

15. On May 22, 2024, Plaintiff submitted credit disputes to Experian, Equifax, and Trans Union (collectively, "the CRAs") challenging the subject account on her credit reports.

16. Upon information and belief, the CRAs transmitted Plaintiff's disputes to Defendant within five days of the CRAs' receipt of Plaintiff's disputes. *See* 15 U.S.C. §1681i(a)(2).

17. On June 3, 2024, Plaintiff filed an Identity Theft Report with the Federal Trade Commission ("FTC") averring, *inter alia,* that she was a victim of identity theft and that (1) the subject account was opened without her authorization and (2) there were unauthorized credit inquiries on her credit reports.

18. Shortly thereafter, Plaintiff sent another dispute letter to Defendant disputing the subject account. The letter informed Defendant, again, that Plaintiff was a victim of identity theft, that she did not authorize the subject account, and further requested that Defendant cease reporting the subject account to the CRAs. To corroborate her claim of identity theft, Plaintiff enclosed a copy of her FTC report in her letter to Defendant.

19. On June 7, 2024, Defendant responded to Plaintiff's dispute *again* failing to reasonably investigate Plaintiff credit disputes and erroneously verifying the subject account as accurate.

20. Any reasonable investigation by Respondent would have revealed the materially misleading nature of the information on Claimant's consumer credit report.

21. As of the date of this complaint's filing, the fraudulent account continues to report on Plaintiff's credit reports.

## DAMAGES

22. Plaintiff has worked hard to build and maintain a good credit history.

23. The inaccurate reporting of the fraudulent account has devastated Plaintiff's overall credit score.

24. The inaccurate reporting of the fraudulent account has destroyed Plaintiff's creditworthiness because it creates the false impression that Plaintiff is in default on the fraudulent account, thus rendering Plaintiff a high-risk consumer and impeding her ability to obtain credit.

25. Defendant's reckless inaccurate reporting of the fraudulent account has frustrated Plaintiff's ability to control her credit score and her ability to benefit from the credit history she has built over the years.

26. As a result of Defendant's conduct, Plaintiff has suffered significant damages, including: the loss of credit opportunity, increased cost of credit, humiliation, loss of time disputing the inaccurate reporting, time expended monitoring her credit files and sending credit disputes, mental anguish, emotional distress, lack of sleep, and anxiety.

27. Moreover, Defendant's conduct has resulted in monetary damages, including the costs of mailing disputes, purchasing credit reports, and subscribing to credit monitoring services.

28. Plaintiff did not file this action as knee-jerk reaction to a perceived harm. Plaintiff's financial health has been devastated as a result of Defendant's reckless conduct.

29. Plaintiff has exhausted all efforts short of judicial action to compel Defendant to remove the fraudulent account from her consumer credit reports.

30. Due to Defendant's refusal to cease reporting the fraudulent account from Plaintiff's credit reports, Plaintiff was forced to initiate the instant action to compel the same.

## COUNT I – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

31. Plaintiff restates and realleges all preceding paragraphs as fully set forth herein.

32. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

33. Plaintiff is a "person" as defined by 15 U.S.C. §1681a(b).

34. Defendant is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

35. At all times relevant, the above-mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

36. Defendant violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct a reasonable investigation into Plaintiff's disputes relating to the subject account that was fraudulently authorized under Plaintiff's name.

37. Defendant violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information provided by Plaintiff pursuant to 15 U.S.C. §1681i(a)(2).

38. Had Defendant reviewed the information provided by Plaintiff, it would have discovered that Plaintiff was a victim of identity theft and that she did not open the subject account that it was reporting on Plaintiff's credit reports. Instead, Defendant repeatedly confirmed the accuracy of its inaccurate reporting of the fraudulent account without conducting a reasonable investigation into any of Plaintiff's disputes.

39. Defendant violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report to the CRAs complete results of its investigation(s) of Plaintiff's disputes.

40. Defendant violated 15 U.S.C. §1681s-2(b)(1)(D) by failing to report the results of its investigations into Plaintiff's disputes to the CRAs.

41. Defendant violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information it was reporting to the CRAs pertaining to the subject account that was fraudulently opened in Plaintiff's name.

42. Defendant violated 15 U.S.C. §1681s-2(a)(6)(B) by failing to maintain reasonable procedures to respond to identity theft disputes in a manner that prevents the credit reporting agencies from refurnishing the disputed information.

43. Defendant violated 15 U.S.C. §1681s-2(a)(6)(B) by continuing to furnish the disputed information to the CRAs after it received notice that Plaintiff was a victim of identity theft.

44. Defendant violated 15 U.S.C. §1681s-2(a)(3) by failing to report the subject account as disputed by Plaintiff.

45. Any reasonable investigation by Defendant would have confirmed the veracity of Plaintiff's disputes, yet Defendant's erroneous credit reporting of the fraudulent account persists on Plaintiff's credit reports.

46. Had Defendant taken any meaningful action to investigate Plaintiff's valid disputes, it would have permanently corrected its erroneous credit reporting. Plaintiff provided supporting evidence in her disputes, yet Defendant repeatedly ignored the supporting evidence and continued its erroneous reporting of the fraudulent account.

47. By deviating from the standards established by the credit industry and the FCRA, Defendant acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to the credit reporting agencies.

48. Defendant has exhibited a pattern of refusing to correct credit reporting errors despite being on notice that its false credit reporting is wreaking havoc on consumers' credit scores,

ultimately valuing its own convenience above its grave responsibility to report accurate data to the credit reporting agencies.

49. As set forth above, Plaintiff was significantly harmed by Defendant's repeated inaccurate credit reporting of the fraudulent account.

**WHEREFORE**, Plaintiff ELEXIA STANLEY, respectfully requests this Honorable Court for the following relief:

A. A finding that Defendant's conduct as set forth herein violates the FCRA;

B. An order enjoining Defendant from reporting the fraudulent account on Plaintiff's credit reports;

C. An award of compensatory damages to Plaintiff to be determined by the jury;

D. An award of statutory damages of $1,000.00 for each violation of the FCRA;

E. An award of punitive damages to be determined by the jury; and

F. An award of reasonable attorney's fees and costs pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o.

G. Any further relief this Honorable Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: June 26, 2024								Respectfully Submitted,

/s/ *Mohammed O. Badwan*
Mohammed O. Badwan, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Ste. 200
Lombard, IL 60148
Phone: (630) 575-8180
mbadwan@sulaimanlaw.com